NOT DESIGNATED FOR PUBLICATION

No. 110,442

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EMILIO ZURITA-CRUZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed September 18, 2015. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.

*Per Curiam*: In 2008 Emilio Zurita-Cruz was convicted by a jury of rape and aggravated criminal sodomy. He did not appeal. More than 5 years after his sentencing he wrote to the district court, claiming that his appointed attorney had been directed to but had failed to file an appeal. That allegation, if true, would entitle Zurita-Cruz to a late appeal under the third *Ortiz* exception to the jurisdictional requirement of a timely appeal. See *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982). The district court appointed counsel for Zurita-Cruz and conducted an evidentiary hearing on his claims,

1

but it determined that his testimony was not credible and denied him a late appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2008 a jury convicted Zurita-Cruz of the 2001 rape of his daughter, F.C., and the 2004 commission of aggravated criminal sodomy upon his daughter, L.C. The dates of the offenses were prior to the enactment of Kansas' version of Jessica's Law so, even though each child was under 14 at the time of the crime against her, the offenses were not offgrid. The rape was a severity level 1 person felony on the sentencing grid. With Zurita-Cruz' criminal history of I the maximum sentence in the applicable gridbox for that offense was 165 months. The aggravated criminal sodomy was a severity level 2 person felony, with a maximum sentence of 123 months. On March 25, 2008, the district court sentenced Zurita-Cruz to those maximums, to be served consecutively, for a controlling prison term of 288 months. Zurita-Cruz did not file an appeal.

By a letter dated April 15, 2013, Zurita-Cruz asserted to the district court that his trial counsel, Linda Eckelman, had not filed an appeal although he had specifically asked her to do so. He also claimed he instructed his interpreter to tell Eckelman that he wanted to file an appeal. Zurita-Cruz asked the court for help in getting his appeal filed and docketed. The district court treated Zurita-Cruz' letter as a motion to file an appeal out of time. The district court appointed counsel and had Zurita-Cruz transported back from prison to the county jail. On June 6, 2013, Judge Robert J. Frederick, who had presided over Zurita-Cruz' jury trial and imposed sentence, held an evidentiary hearing on the motion in order to determine if an *Ortiz* exception applied to allow an untimely appeal.

At the hearing Zurita-Cruz testified, through a Spanish/English interpreter, that immediately after his sentencing while still at counsel table he asked Eckelman to file an appeal and she agreed to do so. He said he then waited to hear from her but never did. He

2

claimed that sometime within the last year before the motion hearing he sent Eckelman a letter asking what happened to his appeal, but she never responded. Zurita-Cruz admitted that he had Eckelman's business card the whole time he was in prison. He contended that he waited so long to check on the status of his appeal because he trusted that Eckelman had filed it and because everyone he asked told him that appeals take a long time.

Mary Aronson, the interpreter at Zurita-Cruz' 2008 sentencing hearing, testified that she had no memory of that proceeding, nor did she recall ever talking about an appeal with Zurita-Cruz and Eckelman.

Eckelman testified that she had been appointed to represent Zurita-Cruz for his 2008 jury trial. She communicated with him through Aronson. According to Eckelman, Zurita-Cruz had told her during the trial that he had given money to someone to hire another attorney for him. Eckelman recalled that, at sentencing, Zurita-Cruz indicated that he just wanted to get his money back from the person he had given it to and did not want to hire another attorney. Eckelman testified that she discussed with Zurita-Cruz his right to appeal after the sentencing and asked, "'What do you want to do, do you want to appeal this?'" He did not tell her to appeal. Rather, he continued to ask her to help get his money back. When Eckelman asked who had his money, Zurita-Cruz could not give her a name, so she declined to help with that. Eckelman acknowledged that she did not think Zurita-Cruz ever actually said he did not want to appeal.

Eckelman confirmed that she had given Zurita-Cruz her business card at the sentencing hearing. She stated that she had moved her office in October 2010 and updated her address on her website and with the Kansas Supreme Court. Eckelman denied receiving a letter from Zurita-Cruz in 2012 or receiving any other communication from him or anyone else (unit team at the prison, family, or otherwise) indicating that Zurita-Cruz wanted to file an appeal.

3

At the conclusion of the hearing Judge Frederick announced his decision, finding that Zurita-Cruz had not met his burden of proof to demonstrate that Eckelman had "failed to perfect and complete an appeal when requested to do so." He denied Zurita-Cruz' request to file his appeal out of time, explaining that denial as follows:

> "From the evidence that's been presented, this Court finds it very difficult to accept, if not impossible to accept, Mr. Zurita-Cruz's version of this event. It's just incomprehensible to me that someone could have directed someone to file an appeal and then sat back on the couch for more than five years before doing anything about it.

> "Simply stated, the testimony of Mr. Zurita-Cruz is not credible. The Court declines to accept as credible his testimony, and the Court finds that the testimony of Ms. Eckelman is the more believable of the two, and that in light of all of that, the Defendant has failed to meet his burden of proof with regard to establishing an exception."

The district court confirmed these findings in its journal entry from the hearing, specifically finding that Eckelman's testimony was credible and Zurita-Cruz' testimony was not. Zurita-Cruz timely appealed.

## ANALYSIS

Zurita-Cruz argues that the district court erred in denying him leave to appeal out of time under the third exception recognized in *Ortiz* for his attorney's failure to file an appeal. He faults the district court's factfinding and further asserts that Eckelman's failure to obtain the written appeal waiver from him required by K.A.R. 105-3-9 is, in and of itself, enough to entitle him to an out of time appeal.

When reviewing the district court's decision on whether any of the *Ortiz* exceptions apply, this court examines the facts found by that court under a substantial competent evidence standard. *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 (2005).

4

Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). Under this standard, "it is not for this court to reweigh the evidence, substitute its evaluation of the evidence for that of the trial court, or pass upon the credibility of the witnesses." *State v. Hartpence*, 30 Kan. App. 2d 486, 493, 42 P.3d 1197 (2002). We then conduct an unlimited review of the district court's ultimate legal conclusion on whether the facts as found by the district court fit within an *Ortiz* exception. *Phinney*, 280 Kan. at 404.

The right to appeal is statutory, and an appellate court only has jurisdiction to entertain an appeal if it is taken in the manner prescribed by statute. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Ordinarily, then, only a timely filed appeal can confer appellate jurisdiction. Under *Ortiz*, appeals filed after the statutory time limit has passed (here, 10 days after sentencing under K.S.A. 22-3608[c]) are only allowed "if a defendant (1) had not been informed of his or her right to appeal, (2) had not been furnished an attorney to perfect an appeal, or (3) had been furnished an attorney who failed to perfect an appeal." *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008) (citing *Ortiz*, 230 Kan. at 735-36). A criminal defendant bears the burden of establishing the applicability of an *Ortiz* exception. See *State v. Singleton*, 33 Kan. App. 2d 478, 487, 104 P.3d 424 (2005).

Zurita-Cruz essentially contends that his testimony at the hearing was more credible than Eckelman's and that, as such, the district court's decision was in error. In particular, he argues that the court ignored his testimony that he took so long to check on the status of his appeal because he trusted that Eckelman had filed it and because he knew that appeals take a long time. Zurita-Cruz also notes that Eckelman only testified that he never requested an appeal, not that he affirmatively stated he did not want to file one. Under these circumstances, Zurita-Cruz claims that Eckelman should have contacted him prior to the expiration of the time for filing an appeal in order to get a definitive answer

as to whether he wanted to appeal. He also asserts that Eckelman should have obtained a written waiver of appeal from him pursuant to K.A.R. 105-3-9(a)(3).

Contrary to Zurita-Cruz' contentions regarding the filing of an appeal, *Ortiz* does "not impose affirmative duties on counsel or the court." *Patton*, 287 Kan. at 217. It was therefore incumbent on Zurita-Cruz to tell Eckelman to appeal. Although a written waiver may be relevant in making an *Ortiz* determination, the lack of a waiver is not determinative of the issue. See *State v. Willingham*, 266 Kan. 98, 100-01, 967 P.2d 1079 (1998). Other than his own testimony, Zurita-Cruz provides no evidence to support his contention that after sentencing he instructed Eckelman to file an appeal for him. He acknowledges that he waited at least 4 years after sentencing before he allegedly wrote to Eckelman about the status of his appeal and over 5 years before contacting the district court. As the district court noted, these facts conflict with Zurita-Cruz' now-claimed desire to immediately appeal. Conversely, Eckelman testified that Zurita-Cruz did not ask her to appeal, and when she tried to pin him down he would change the subject to the recoupment of money he had given to someone he could not name.

Again, we cannot reweigh the evidence or reconsider the district court's adequately supported credibility determinations. See *Hartpence*, 30 Kan. App. 2d at 493. Here the district court heard and observed Zurita-Cruz and Eckelman testify. It resolved the contradictions between their recollections by finding Eckelman's testimony more credible than that of Zurita-Cruz. The district court did not ignore Zurita-Cruz' explanation of why it took him so long after sentencing to act regarding his appeal, it simply did not believe that explanation. We are satisfied that substantial competent evidence supports the district court's conclusion that Zurita-Cruz never actually requested that Eckelman file an appeal. As a result, the district court properly denied Zurita-Cruz' request to file a late appeal under the third *Ortiz* exception.

Affirmed.

6