NOT DESIGNATED FOR PUBLICATION

No. 112,261

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMETRIUS D. LARRAGA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed November 20, 2015. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*:  Demetrius D. Larraga's probation was revoked based on an allegation by his girlfriend, Daisha Parks, that he slapped her in the face. Parks subsequently withdrew her allegation after Larraga was taken into custody. She testified at the revocation hearing that she fabricated the event. Larraga now appeals his probation revocation, arguing that the district court lacked sufficient evidence that he violated his probation. Because the district court found that Parks' recantation was not credible and because there was sufficient evidence presented at the revocation hearing to support a finding that it was more probably true than not true that Larraga hit Parks, we affirm.

1

Larraga pleaded guilty to severity level 7 aggravated battery. The district court sentenced him to 24 months' probation with an underlying 24-month prison term. One of the conditions of Larraga's probation was to obey the laws of Kansas. He was also directed by his probation officer not to engage in any violence or threats of violence, either verbal or physical.

On April 28, 2014, Parks called Larraga's probation officer, Sasha Teel. During the phone call, Parks reported that she had picked Larraga up from work and, during the car ride, the two engaged in a verbal fight that culminated in Larraga slapping a drink out of Parks' hand and slapping Parks' face. With Teel's encouragement, Parks next went to the police station and filed a police report against Larraga, alleging the same facts. At the police station, Officer Jonathan Gould documented Parks' allegation by taking photographs of her. The photographs, included in the record on appeal, show stains on Parks' sweatshirt from the spilled drink but do not show any obvious injury to her face.

The next day, after Larraga had been taken into custody, Parks called Teel and told her that she had lied about the event because she had been angry at Larraga. During their conversation, Parks indicated to Teel that Larraga had been contacting her from jail nonstop, telling her that "he didn't hit her, that he loved her, and that it was just a shove or a tap." Parks called Teel on April 30 and again told Teel that Larraga had not hit her. Parks also called the police department and the court to inform them that she had made up the story.

At the revocation hearing, Parks repeatedly testified that Larraga did not hit her on April 28, 2014. However, the district court found that Parks' original statements to Teel and the police were the most credible and that Parks had been pressured to recant her

original story. The district court revoked Larraga's probation and imposed the underlying prison term. Larraga now appeals the district court's decision.

ANALYSIS

Larraga argues the district court lacked sufficient evidence that he violated his probation because Parks withdrew her allegation that Larraga slapped her. As the battery was the only alleged probation violation, Larraga contends this panel should find the State failed to establish a probation violation, reverse the district court's decision, and reinstate his probation.

In order for a court to revoke a defendant's probation, the violation of probation must be established by a preponderance of the evidence. *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999). A preponderance of the evidence "is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007) (citing *Ortega v. IBP, Inc.*, 255 Kan. 513, 527-28, 874 P.2d 1188 [1994]), *rev. denied* 286 Kan. 1183 (2008).

This court reviews the district court's findings under the substantial competent evidence standard, which refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. See *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). Finally, "it is not for this court to reweigh the evidence, substitute its evaluation of the evidence for that of the trial court, or pass upon the credibility of the witnesses." *State v. Hartpence*, 30 Kan. App. 2d 486, 493, 42 P.3d 1197 (2002) (citing *In re J.D.J.*, 266 Kan. 211, 223, 967 P.2d 751 [1998]).

At the revocation hearing the district court heard testimony that Larraga and Parks had a fight that escalated into Larraga slapping Parks in the face. The district court also heard testimony establishing that immediately after the event, Parks contacted Larraga's

probation officer to report the event and drove to a police station to file a police report concerning the event. Finally, the district court was aware of Parks' subsequent efforts to withdraw her allegation prior to and during the revocation hearing. Her recantation coincided with numerous discussions that Larraga had with Parks from jail, during which he reminded her that he loved her and that he did not hit her—he just tapped or shoved her. Although the photographs of Parks show no obvious injury to her face, this evidence neither supports nor detracts from Larraga's position because a slap may not leave a discernable injury. Taking all of this information into consideration, the district court found that the original statements by Parks were the most credible statements and that Parks was pressured by Larraga to recant her allegation.

Based upon our review of the evidence, we find that there was sufficient evidence from which a reasonable person could conclude that it was more probably true than not true that Larraga committed a battery against Parks. This is particularly true in light of the district court's unreviewable determination that Parks' recantation was not credible. See *State v. Raskie*, 293 Kan. 906, Syl. ¶ 6, 269 P.3d 1268 (2012) (appellate court does not access the credibility of witnesses). Accordingly, Larraga is not entitled to relief and the decision of the district court is affirmed.

Affirmed.