NOT DESIGNATED FOR PUBLICATION

No. 112,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIARA L. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed December 23, 2015. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*: Defendant Tiara Brown challenges the sufficiency of the evidence the Sedgwick County District Court relied upon to revoke her probation for assaulting her girlfriend, since the victim recanted earlier accusations when she testified at the hearing. After seeing the witnesses and listening to their accounts, the district court chose to credit the earlier accusations over the hearing testimony. Those accusations were sufficient to support the district court's decision to revoke, and we don't second-guess credibility calls. We, therefore, affirm.

1

Brown was on probation for a felony firearms offense in June 2014 when Natalia Smith, her girlfriend at the time, called the police to report that Brown had assaulted her. Smith told Wichita Police Officer Dallas Walker that Brown had punched her in the face and then pointed a gun at her. Walker observed no bruising or other physical evidence of the assault. A couple of days later, Smith told Emily Underwood, her parole officer, that Brown had hit her and threatened her with a gun.

Brown's probation officer issued a warrant to revoke her probation for battery, based on the punch to Smith's face, and aggravated assault, based on the brandishing of a gun. Smith later wrote a letter to Brown indicating she was angry over the state of their relationship and had made up the assault to punish Brown.

Brown disputed the allegations supporting the warrant, so the district court held an evidentiary hearing. At a revocation hearing, the State must prove a violation of the terms and conditions of probation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1193, 135 P.3d 1191 (2006).

Smith testified that she was angry with Brown and quite drunk, so she didn't remember a great deal about the evening the incident supposedly happened. But Smith said she knew that Brown did not hit her or point a gun in her direction. The State called Walker and Underwood who testified to what Smith had told them. Walker also testified that he regularly deals with intoxicated persons and Smith did not seem to be under the influence when he talked to her just after the incident.

The district court generally credited what Smith said to Walker and later repeated to Underwood rather than her recantations, including the hearing testimony. The district court found the probation violation for battery had been proved. The district court revoked Brown's probation, reinstated the probation, and placed Brown in the community corrections program. Brown has appealed.

On appeal, we ask whether substantial competent evidence supports the district court's factual findings and whether those findings support the legal conclusions. Substantial evidence is that which a reasonable person could accept as sufficient to support a factual proposition. See *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). In making that assessment, we neither reweigh evidence nor make independent credibility determinations. *State v. Hartpence*, 30 Kan. App. 2d 486, 493, 42 P.3d 1197 (2002). A significant part of evaluating testimony depends upon seeing the witnesses on the stand and assessing how they respond to the questions. *State v. Scaife*, 286 Kan. 614, 624, 186 P.3d 755 (2008) ("[T]he ability to observe the declarant is an important factor in determining whether he or she is being truthful."). Because we have only a transcript of the testimony and, thus, no way to observe the witnesses, we cannot and do not substitute our take on credibility for that of a district court judge or a jury.

Here, the district court found Smith's statements to Walker and Underwood that Brown punched her to be credible and the later recantations not. The factual finding was based on the manner in which the witnesses testified and the substance of what they recounted. The credited statements sufficiently support the district court's finding that Brown punched Smith, thereby committing a battery in violation of her conditions of probation. In turn, that factual finding legally warranted the revocation of Brown's probation. Although the district court declined to find Brown committed an aggravated assault of Smith, that does not undercut the credibility determination. See *Ater v. Culbertson*, 190 Kan. 68, 73-74, 372 P.2d 580 (1962) (In assessing the credibility of a witness, a factfinder may accept part of his or her testimony and reject the balance as may be warranted in the factfinder's judgment.); *State v. Seward*, 163 Kan. 136, 145, 181 P.2d 478 (1947) (A jury has the prerogative to believe in part and disbelieve in part a witness' testimony or confession.).

Affirmed.