NOT DESIGNATED FOR PUBLICATION

No. 113,303

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL P. RATLIFF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed January 22, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Robert A. Walsh*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

*Per Curiam*: Samuel Ratliff appeals the district court's decision revoking his probation and ordering him to serve his original underlying prison sentence of 34 months. Ratliff argues the district court erred by failing to consider the purpose of the sentencing guidelines and failing to reinstate his probation "to afford him the opportunity to reform his ways." Unpersuaded by these arguments, we affirm the district court's judgment.

1

*Factual and Procedural Background*

After Ratliff pleaded no contest to one count of possession of a controlled substance, the district court found a factual basis existed for the plea and adjudged him guilty of the offense. Ratliff then filed a motion for downward dispositional and durational departure. The district court granted his dispositional request and sentenced him to 12 months' probation with an underlying sentence of 34 months' imprisonment and 12 months' postrelease supervision.

The district court imposed several conditions of probation. These included that Ratliff report to his probation officer, remain drug and alcohol free, gain and maintain employment, submit to a substance abuse assessment, and follow all recommendations for treatment. See K.S.A. 2013 Supp. 21-6607.

Almost 9 months after Ratliff's sentencing, the State filed a motion to revoke Ratliff's probation. After hearing testimony from Ratliff's supervising officer, the district court found Ratliff had violated several of his probation conditions. Specifically, the district court found Ratliff had a positive drug test and had chosen not to go to the recommended substance abuse treatment, not to attend a job interview or to gain employment, and not to report to the community corrections officer. The district court further noted Ratliff had been arrested on a warrant in a different case, and, at the time of his initial sentencing in this case he was on probation in another case.

The district court ultimately found Ratliff had violated conditions of his probation and had absconded, so it revoked his probation and imposed the underlying sentence of 34 months with 12 months' postrelease supervision. Ratliff appeals.

*Issue on Appeal*

On appeal, Ratliff argues the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence. He first claims the district court erred because one purpose of the sentencing guidelines is to reserve prison for serious violent offenders who present a threat to public safety, but his conviction was for possession of controlled substances which, he claims, is a nonviolent offense. Ratliff's second claim is that neither the Department of Corrections nor community corrections had sufficient time to make any type of conclusion that Ratliff had not reformed and could not reform with proper supervision.

*Our Standard of Review*

To sustain an order revoking probation, the State must first establish commission of the violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). This burden "is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). Our review of a factual determination is generally governed by the substantial competent evidence standard. *Inkelaar*, 38 Kan. App. 2d at 315. Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). Under this standard, "it is not for this court to reweigh the evidence, substitute its evaluation of the evidence for that of the trial court, or pass upon the credibility of the witnesses." *State v. Hartpence*, 30 Kan. App. 2d 486, 493, 42 P.3d 1197 (2002).

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *Gumfory*, 281 Kan. at 1170. An abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable;

3

based on an error of law; or based on an error of fact. *State v. Turner*, 300 Kan. 662, 675, 333 P.3d 155 (2014). Ratliff bears the burden of showing such abuse of discretion. See *State v. Brown*, 300 Kan. 565, 571, 331 P.3d 797 (2014).

*The Probation Revocation Hearing*

At the probation revocation hearing, Community Corrections Officer Christine Witt outlined Ratliff's probation violations. She testified Ratliff had admitted to drug usage and had tested positive for THC on December 27, 2013. She stated that Ratliff had obtained a drug and alcohol evaluation with RADAC and had been referred to Kerr's Counseling for treatment but had failed to attend. Witt explained that Ratliff had also failed to gain and maintain employment. Although Witt had provided a travel pass for Ratliff to attend a job interview in Nebraska, Ratliff failed to show up at the interview. Witt was not aware of any employment Ratliff obtained while on probation. Witt further testified that from December 30, 2013, to February 24, 2014, Ratliff's whereabouts were unknown, as Ratliff had failed to report as required.

Based on the foregoing testimony, Witt recommended the district court revoke Ratliff's probation and order him to serve the underlying sentence. Witt testified the district court had revoked Ratliff's probation in a different case and had ordered him to serve his underlying sentence. She stated:

"[Ratliff] went into DOC to serve his underlying sentence. . . . [T]heir recommendation was given the short amount of time that he would be incarcerated, it was unlikely that he would make any drastic changes in his thinking or behavior.

"[I]t's unlikely that his incarceration will . . . make enough impact to help him change . . . . So with that in mind . . . the recommendation is that [Ratliff] serve his underlying sentence."

4

*Our Conclusion*

Having reviewed the record of the revocation proceedings, we find substantial competent evidence supporting the district court's conclusion that Ratliff violated his probation. Ratliff does not contend otherwise. Further, we find no evidence of arbitrary, fanciful, or unreasonable judicial action and therefore find no abuse of discretion in the district court's revocation of Ratliff's probation. The record shows Ratliff's numerous failures to comply with even the most basic terms of his probation. Those violations, coupled with Ratliff's arrest on a warrant in a different case, and his having been on probation in yet another case at the time of his violations here, would well warrant, if not compel, a reasonable person's agreement with the district court that Ratliff was not amenable to probation and that his probation should be revoked.

Affirmed.