NOT DESIGNATED FOR PUBLICATION

No. 113,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VANKHAM N. VONGNAVANH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed July 1, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*: Vankham N. Vongnavanh appeals the district court's decision revoking his probation. As a result of the revocation, Vongnavanh was ordered to serve his underlying prison sentence. On appeal, he argues that the State failed to prove by a preponderance of the evidence that he violated the terms of his probation. Although Vongnavanh did not admit to violating the terms of his probation, we find that there is substantial competent evidence in the record on appeal to support a finding that the State proved the violations by a preponderance of the evidence. Thus, we affirm the district court's decision.

1

FACTS

On May 2, 2012, Vongnavanh pled guilty to one count of aggravated battery and two counts of aggravated assault. On July 11, 2012, the district court granted his motion for downward dispositional departure and sentenced him to 24 months of probation with an underlying 16-month prison sentence. Vongnavanh's conditions of probation included that he obey the law and not possess any firearms or ammunition. On May 7, 2014, the State filed a warrant stating that Vongnavanh had violated the terms of his probation and a revocation hearing was held on August 28, 2014. Although the district court determined that Vongnavanh violated the terms of his probation, it reinstated and extended his probation to July 11, 2015.

On October 1, 2014, the State filed another warrant alleging the following probation violations:

"1. On September 30, 2014, the defendant committed the offense of Aggravated Assault, as alleged in Wichita Police Department Incident Report Number 14C065587.

"2. On September 30, 2014, the defendant pointed a gun at his sister, as alleged in Wichita Police Department Incident Report Number 14C065587.

"3. On September 30, 2014, the defendant fired two rounds of ammunition and later gave the gun to another party to hide, as alleged in Wichita Police Department Incident Report Number 14C065587.

"4. The defendant has made no payments to the court for court costs.

"5. The defendant has made no payment of AISP fees since April 30, 2014."

On October 16, 2014, the district court held an evidentiary hearing to determine whether Vongnavanh violated the conditions of his probation. The hearing also acted as

2

the preliminary hearing in the criminal case that was also filed against Vongnavanh for the conduct alleged in the probation violation warrant. Before receiving the evidence, the district court noted that the State was amending the first allegation in the warrant to allege that Vongnavanh committed the offense of criminal possession of a firearm instead of aggravated assault. Additionally, Vongnavanh's attorney stated that he was waiving an evidentiary hearing on allegations four and five from the warrant and would admit those allegations. The district court then received testimony from two witnesses.

Lindsey Healan testified that she and her boyfriend—along with two other people—were living in a house with Vongnavanh on September 30, 2014. Healan testified that on that day, while she was sitting in the living room, she heard Vongnavanh and his sister arguing in one of the bedrooms. Healan also testified that she heard Vongnavanh's sister say, "'[D]on't point that gun at me.'" She then saw Vongnavanh's sister leave the house, followed shortly by Vongnavanh. Healan testified that Vongnavanh had a handgun with him when he left the house.

Further, Healan testified that about 5 minutes later, Vongnavanh came back into the house and shot his gun twice towards the wall, shattering a glass shelf. Healan indicated that Vongnavanh did not speak to her during these events. Healan testified that after Vongnavanh shot the wall, he went into the bathroom, and when law enforcement arrived about 5 minutes later, he ran out the back door of the house.

The next witness called was Wichita Police Officer Joshua Lewis who testified that he was dispatched to the scene of a disturbance at Vongnavanh's house on September 30, 2014. As he walked toward the house, another officer told him that someone had ran out the back of the house, so he went through the back yard, jumped a few fences, and located Vongnavanh. After speaking with another person who lived at the house, Officer Lewis located a handgun hidden in the back yard of the house.

3

After the State presented its evidence, it asked the district court to also amend the third allegation in the warrant to strike the language stating that he gave the gun to another party to hide because the State did not present any evidence of that. Vongnavanh did not present any evidence. The district court determined that it was more probably true than not that Vongnavanh violated the conditions of his probation as alleged in the first three allegations in the warrant as amended. The district court stated that it was not going to rely on the fourth and fifth allegations in the warrant because Vongnavanh did not personally admit those violations. The district court then deferred a decision on the disposition of his probation until after his criminal case was resolved.

On January 27, 2015, the district court held a hearing on the disposition of Vongnavanh's probation. At that time, the district court revoked his probation and ordered him to serve his original sentence. However, in a journal entry entered by the district court on February 5, 2015, it was stated that "Defendant admits to allegation number 2 and amended allegation numbers 1 and 3 of the warrant dated 10/01/14. The court does not make findings on allegation number 4 or 5." Thereafter, Vongnavanh timely filed a notice of appeal.

ANALYSIS

On appeal, Vongnavanh contends that the district court erred in finding that he violated the terms of his probation. To revoke probation, the State must establish that the probationer violated the terms of his or her probation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The State meets its burden when the evidence shows that "a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008).

4

Our review of a factual determination is generally governed by the substantial competent evidence standard. 38 Kan. App. 2d at 315. Substantial evidence is legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). Under this standard, we do not "reweigh the evidence, substitute its evaluation of the evidence for that of the trial court, or pass upon the credibility of the witnesses." *State v. Hartpence*, 30 Kan. App. 2d 486, 493, 42 P.3d 1197 (2002).

Once there is evidence of a probation violation, the decision to revoke probation is within the sound discretion of the district court. *Gumfory*, 281 Kan. at 1170. An abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Turner*, 300 Kan. 662, 675, 333 P.3d 155 (2014). Here, Vongnavanh bears the burden to establish an abuse of discretion. See *State v. Brown*, 300 Kan. 565, 571, 331 P.3d 797 (2014).

Vongnavanh's sole argument on appeal is that that the State failed to prove by a preponderance of the evidence the three violations the district court used to revoke his probation. In response, the State asserts that Vongnavanh admitted to the violations. That assertion, however, does not appear to be supported by the record. Nevertheless, as the State points out, there was sufficient evidence presented at the probation revocation hearing to prove by a preponderance of the evidence that Vongnavanh violated the terms of his probation. Specifically, we find that the testimony of Healan—if believed—was sufficient to meet the State's burden proof. The State also points out that Vongnavanh was ultimately convicted of criminal possession of a firearm, which was the conduct that formed the basis for the first allegation in the warrant.

A review of the record reveals Healan testified that while Vongnavanh was arguing with his sister, she heard his sister say, "'[D]on't point that gun at me.'" Healan also testified that she saw Vongnavanh carry the gun with him when he left the house.

5

Furthermore, she testified that when Vongnavanh returned to the house that he fired two shots from the gun. Moreover, she testified that when the police arrived, Vongnavanh went out the back of the house. In addition, Officer Lewis testified that he found Vongnavagh running from the house and that he subsequently found a gun in the back yard. Accordingly, we find that substantial competent evidence was presented to support a finding that it was more probably true than not that Vongnavanh violated the terms of his probation.

Further, we find nothing in the record to suggest that the district court's decision was arbitrary, fanciful, or unreasonable. As such, there was no abuse of discretion in the district court's revocation of Vongnavanh's probation based on the evidence presented at the probation hearing. We, therefore, affirm the district court's decision revoking Vongnavanh's probation.

Affirmed.